```
                                     UNITED STATES DISTRICT COURT
                                     SOUTHERN DISTRICT OF FLORIDA

                                     CASE NO. 07-14028-CIV-GRAHAM
                                     MAGISTRATE JUDGE P. A. WHITE
```

GEORGE DRAPER,                       :

    Plaintiff,                   :

v.                                   :     <u>REPORT OF</u>
                                           <u>MAGISTRATE JUDGE</u>
KEN J. MASCARA, ET AL.,              :

    Defendants.                  :
_____

This Cause is before the Court upon the plaintiff's Motion for Summary Judgment against the defendant Philip Fackier. [DE# 64].

This case is proceeding on the Amended Complaint [DE# 25] against the defendants Steven Sigmon, Dan Jones, Gary Morales, Rob Pettit, Scott Wells, Philip Fackier, Angela Flowers, and B. Wes Harbin, in their individual capacities.[1] [DE# 48 - Order adopting

---

[1] The plaintiff alleges that on July 25, 2002, eight St. Lucie County Sheriff's Deputies engaged in excessive physical force upon his arrest. He alleges specifically that at a shopping center in St. Lucie County, Robert Pettit ran to his car ordering the plaintiff to put his hands up and, when the plaintiff did not comply, Pettit punched him in the face and struck him with a mag flashlight. The plaintiff pushed Pettit away, and Scott Wells pointed a gun at him. The plaintiff backed up his vehicle, striking Gary Morales and striking a vehicle driven by Steven Sigmon, and drove away. The plaintiff claims that he did not know these four individuals were police officers. He further alleges that police officers chased him in his vehicle on I-95. He states that exited the highway and proceeded to attempt to run on foot. He was then struck by an unmarked car driven by Morales, which knocked him into a drainage canal. Then, Morales and Wells caught him in the canal and beat him in the face and upper body with fists and a steel baton. Thereafter, Dan Jones arrived and beat him with his fists, and then Pettit, Angela Flowers and B. Wes Harbin arrived. The plaintiff claims that Harbin held his hair so others could more easily hit him, hit him with his other hand, and Flowers beat him with a mag flashlight. The plaintiff alleges that Phillip

Magistrate Judge's Report and Recommendations]. All defendants except Fackier were personally served. [DE#'s 31, 33-38]. Fackier was not personally served, but counsel has filed an appearance for Fackier, has filed an Answer and Affirmative Defenses, and has participated in pretrial discovery.[2]

The plaintiff seeks a summary judgment because Fackier has not "answered his subpoena" which apparently refers to Fackier's failure to respond to the plaintiff's requests for discovery. [DE# 64]. Fackier has filed a response, indicating that he joined in objecting to the plaintiff's discovery requests because they were served beyond the court-imposed deadline. [DE# 67].

Subsequently, the Court entered an Order granting the plaintiff's motion to compel discovery and extended the discovery deadline to July 30, 2008. [DE# 68].

The plaintiff is not entitled to summary judgment against Fackier based on Fackier's failure to respond to his discovery requests. Fackier filed a timely objection to the plaintiff's discovery request, and this Court found that the objection was not founded due to the plaintiff's pro se, incarcerated status and

---

Fackier then arrived and pepper sprayed him, and then struck him in the face with closed fists and knee spikes and beat him with a steel baton and his gun.

[2] Fackier has entered a defense of lack of jurisdiction over the person pursuant to Fed.R.Civ.P. 12(b)(2) presumably based on lack of personal service. The issue of whether this defense has been waived is not before the Court at this time. A Rule 12(b)(2) defense that has been formally raised in an answer may be waived by conduct and inaction, such as entering an appearance, filing motions and requesting relief or participating in hearings or discovery.

2

difficulty of meeting deadlines.  The Court granted the plaintiff's motion to compel which is a sufficient corrective action pursuant to Rule 37, and the plaintiff may seek appropriate sanctions should the defendant fail to comply with the Court's order.  Summary judgment is simply not an appropriate sanction and the plaintiff's Motion for Summary Judgment [DE# 64] should be denied.

    Based on the foregoing, it is recommended that the plaintiff's Motion for Summary Judgment [DE# 64] be denied.

    Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

    It is so recommended at Miami, Florida, this 19th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   George Draper, Pro Se
      DC No.  939098 E1-113
      Columbia Correctional Institution
      216 S.E. Corrections Way
      Lake City, FL 32025

      Jason Lee Scarberry, Esq.
      Purdy, Jolly, Giuffreda & Barranco
      2455 E. Sunrise Boulevard
      Suite 1216
      Fort Lauderdale, FL 33316